JOSEPH H. FELDMAN AND DIANE FELDMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Feldman v. Commissioner
Docket No. 23586-83.
United States Tax Court
T.C. Memo 1985-132; 1985 Tax Ct. Memo LEXIS 499; 49 T.C.M. (CCH) 1012; T.C.M. (RIA) 85132; March 25, 1985. *499 Held, fact that R did not follow reopening procedures of Rev. Proc. 81-35, 1981-2 C.B. 588, after sending Ps a no change letter does not affect the validity of the notice of deficiency. Held further, written, notice pursuant to sec. 7605(b), I.R.C. 1954, as amended, not necessary where no second inspection of Ps' books of account has occurred. Accordingly, Ps' Motion for Partial Summary Judgment denied. John T. West, for the petitioners. Michael N. Balsamo and Phyllis W. Greenblum, for the respondent. CANTREL
MEMORANDUM OPINION CANTREL, Special Trial Judge: This case is before the Court on petitioners' Motion for Summary Judgment pursuant to Rule 121, filed on January 17, 1985, which was called from the calendar at the Motions Session of the Court at Washington, *500 D.C. on March 6, 1985. [1] Because the motion was improperly characterized, we will recharacterize it, and deem it a Motion for Partial Summary Judgment pursuant to Rule 121(b). [2] Counsel for petitioners and respondent appeared and presented argument. Petitioners, Joseph H. Feldman and Diane Feldman, husband and wife, resided in Bellmore, New York at the time they filed the petition herein. Their joint Federal income tax return for the taxable year 1979 was filed with the Internal Revenue Service Center, Holtsville, New York. Respondent determined a deficiency in petitioners' Federal income taxes for the calendar year 1979 in the amount of $10,874.51. The deficiency was based on the disallowance of petitioner-husband's distributive share of a partnership loss and the disallowance of his distributive share of the same partnership's investment tax credit. These adjustments are not at issue for purposes of the motion herein. *501 What is at issue is respondent's disallowance of petitioner-husband's Schedule C distributor loss of $15,000. During the examination of the 1979 return respondent requested that petitioners provide certain information and documents relating to the Schedule C distributor loss. Petitioners forwarded the information and documents to the District Director, Brooklyn District, Internal Revenue Service. Respondent then allowed this loss and issued a no change letter on June 18, 1982 to petitioners for the 1979 taxable year. Thereafter, on June 6, 1983, respondent issued a notice of deficiency disallowing the Schedule C distributor loss. The deficiency notice was predicated on petitioners' 1979 return and the documents and information previously supplied to respondent. Respondent undertook no reopening procedures. Petitioners contend that the case involving petitioner-husband's Schedule C distributor loss was erroneously reopened and, therefore, the notice of deficiency is invalid as to that item; that respondent did not follow the procedures for reopening a case as set forth in Rev. Proc. 81-35; [3] and that respondent failed to provide written notice as required by section *502 7605(b). For the reasons we discuss, we deny petitioners' (deemed) motion for partial summary judgment. We reject petitioners' assertions that once respondent has issued a no change letter he must follow his procedures in order to reopen the case. The Commissioner has promulgated these procedures in Rev. Proc. 81-35 for reopening a case closed after examination to make an adjustment unfavorable to the taxpayer. As petitioners themselves recognize, however, and as this Court has reiterated, "procedural rules * * * are merely directory, not mandatory, 'and compliance with them is not essential to the validity of a notice of deviciency.'" Collins v. Commissioner,61 T.C. 693, 701 (1974), citing Luhring v. Glotzbach,304 F.2d 560, 563 (4th Cir. 1961); Estate of Keeler v. Commissioner,T.C. Memo. 1984-632. Nothing in the record persuades us to make an exception to these rulings in this case. Nor was respondent required to send written notice pursuant to section 7605(b). This section provides: *503 * * * No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary, after investigation, notifies the taxpayer in writing that an additional inspection is necessary. As the statute indicates, written notice of an additional inspection of the taxpayer's books of account is all that is necessary. Grossman v. Commissioner,74 T.C. 1147, 1155-56 (1980); see Eastate of Keeler v. Commissioner,supra; Gardner v. Commissioner,T.C. Memo. 1976-337. In this case, however, assuming, arguendo, that petitioners' books of account were inspected once, there was never an additional inspection. In issuing the notice of deficiency, respondent did not request an inspection of petitioners' books of accounts. Respondent based his determination of deficiency solely on information and the returns that petitioners had already provided. A mere examination of a taxpayer's return and accompanying schedules is not an inspection of the books of account within the meaning of section 7605(b). *504 Grossman v. Commissioner,supra at 1153. Accordingly, where respondent made no request for an additional inspection of petitioners' records once he decided to determine a deficiency with respect to the Schedule C loss, the written notice prescribed by section 7605(b) was not required. See Estate of Keeler v. Commissioner,supra.
Accordingly, to reflect the conclusions reached herein, An appropriate order will be issued.
Footnotes
1. This case was assigned pursuant to Delegation Order No. 8 of this Court, 81 T.C. XXV (1983). ↩
2. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954, as amended.↩
3. Rev. Proc. 81-35, 1981-2 C.B. 588, has been superceded by Rev. Proc. 83-19, 1983-1 C.B. 677↩.